## MOSES L. BUCK *vs.* SILAS MERRICK.

If a promissory note is made payable to the treasurer of a parish or his successor, without naming him, a declaration upon the note which alleges that at the time when it was given the plaintiff was the treasurer of the parish, and that it was payable to himself, is not demurrable, although an indorsement upon the note, which is copied as a part of the declaration, appears to have been made by a successor to the plaintiff in the office.

CONTRACT upon a promissory note dated October 24, 1849, signed by the defendant and a surety, payable to " the treasurer of the First Parish in Hopkinton, or his successor in said office." Copies of various indorsements of interest were appended to the copy of the note, the last of which, in 1861, was signed by " Edward E. Whittemore, treasurer." The declaration alleged

that on the 24th of October 1849 the plaintiff was the treasurer of the parish, &c.; that the defendant made the note " payable to the plaintiff therein described as such treasurer, or his successor in office, and now owes the plaintiff the amount thereof with interest." The defendant filed a demurrer, assigning the following causes: 1. That it did not appear that the plaintiff had a right to bring the action; 2. That it did not appear that the plaintiff was treasurer at the time the action was brought; 3. That it did appear by the indorsement that the plaintiff had a successor in the office. The demurrer was overruled in the superior court, and judgment rendered for the plaintiff. The defendant appealed to this court.

No counsel appeared for the defendant.

J. Q. A. Griffin, for the plaintiff.

METCALF, J. As the note in suit is made payable to the treasurer of the First Parish in Hopkinton, or his successor in that office, and the declaration avers that the plaintiff was such treasurer when the note was made, and that it was payable to himself, his right to bring this action sufficiently appears. Whether, on a trial of the case, the evidence would show that the action is or is not rightly brought by him, is a question not open on the demurrer.

If there is any legal reason why the plaintiff cannot maintain this action in his own name, such reason should have been set forth in an answer, or be proved on a trial. No such reason appears on the face of the declaration.

One cause assigned for the demurrer is, that it appears, by an indorsement on the note, that the plaintiff had a successor in the office of treasurer. That indorsement is of interest received in 1861, signed by another man as treasurer. But the indorsements on the note are not declared on. And if payment of the whole amount of the note and interest were indorsed thereon, it would be no ground of demurrer to the declaration on the note. The plaintiff would have a right to prove any or all of the indorsements to have been made by mistake, by fraud, or without authority.                    *Demurrer overruled.*